Mike Abourezk
Abourezk Law Firm
Attorneys for Plaintiff
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097
(605) 342-5170 Fax
mike@abourezk.com

**FILED**

SEP 1 9 2012



CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

* * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DONALD K. LINDSAY and MARGARET A. LINDSAY (individually and as personal representatives of the estate of their son, Jeffrey D. Lindsay), Plaintiffs, v. OWNERS INSURANCE COMPANY, Defendant. | Cause No. 12-5066<br><br>Judge:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

* * * * * * * * * * * * * * * * * * *

For their claims against Defendant, Plaintiffs state and allege as follows:

## PARTIES

1. Plaintiffs, Donald K. Lindsay and Margaret A. Lindsay, are the parents and duly appointed co-personal representatives of the estate of their son, Jeffrey D. Lindsay, who was injured and subsequently died in a motor vehicle accident on August 3, 2011, on U.S. Highway 87 north of Billings, Yellowstone County, Montana.

2. At all times material herein, Plaintiffs and their son, Jeffrey D. Lindsay, were all residents and citizens of the State of South Dakota.

3. Defendant, Owners Insurance Company (hereinafter Owners), is and was at all times material herein an Ohio corporation with its principal place of business in Michigan.

## JURISDICTION AND VENUE

4. Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-3.

5. The amount in controversy, excluding interest and costs, exceeds $75,000 for each Plaintiff and, therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.

6. Venue for this action is proper in the Western Division of this Court because Plaintiffs reside in Sturgis, Meade County South Dakota.

## BACKGROUND

7. Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-6.

8. On August 3, 2011, Randall W. Dwyer (Dwyer) was operating a 1999 Freightliner conventional semi-truck southbound on U.S. Highway 87 at approximately mile marker 16 north of Billings, Yellowstone County, Montana.

9. At the same time and place, Plaintiffs' son, Jeffrey D. Lindsay, was riding as a passenger in a 2000 Jeep Wrangler heading northbound on U.S. Highway 87.

10. As the semi-truck and Jeep approached one another from opposite directions, the semi-truck operated by Dwyer illegally crossed the centerline and first collided with a northbound 1996 Chevy Cavalier and then subsequently collided with the Jeep, forcing it to leave the highway, overturn, and catch on fire.

11. As a direct, proximate and substantial cause of the semi-truck's collision with the Jeep, Jeffrey D. Lindsay suffered severe personal injuries from which he subsequently died.

12. The subject collision and Jeffrey D. Lindsay's severe personal injuries and subsequent death were directly, proximately and substantially caused by the negligence, negligence *per se* and wrongful and illegal misconduct of Dwyer in driving while distracted; in illegally crossing the centerline of Highway 87; in failing to keep a proper lookout for oncoming traffic; in falsifying log books; in failing to obtain travel permits; and in otherwise failing to use due care under the circumstances.

13. Plaintiffs, as the surviving parents and co-personal representatives of Jeffrey D. Lindsay's estate, are entitled to recover all damages for the wrongful death of Jeffrey D. Lindsay, including damages for lost society, comfort, guidance, education, care, protection and companionship, grief, sorrow and mental anguish, medical and funeral expenses and all other damages as may be just.

14. As a direct, proximate, and substantial cause of the subject collision and Dwyer's negligence, negligence *per se* and wrongful and illegal misconduct as hereinabove alleged, Jeffrey D. Lindsay suffered severe personal injuries from which he subsequently died and Plaintiffs are entitled to recover all survivorship damages on behalf of the estate of Jeffrey D. Lindsay, including the present value of Jeffrey D. Lindsay's reasonable earnings, earning capacity and fringe benefits after the date of death during the remainder of his life expectancy, and all other survivorship damages.

15. Dwyer was covered by liability insurance for the subject accident through Artisan & Truckers Casualty Company in the amount of $1,000,000 under Policy No: 08121478-0.

16. Dwyer's negligence, negligence *per se* and wrongful and illegal misconduct in causing the collision involving the 2000 Jeep Wrangler in which Jeffrey D. Lindsay was riding as a passenger, also caused one other death and personal injuries to one other person.

17.  The total damages resulting from Jeffrey D. Lindsay's injuries and death far exceed Plaintiffs' share of Dwyer's $1,000,000 liability coverage.

18.  Dwyer's liability insurance coverage is, therefore, insufficient to fully compensate for all of the Plaintiffs' damages caused by Jeffrey D. Lindsay's injuries and death in the subject collision and, therefore, Dwyer's semi-truck constitutes an underinsured motor vehicle.

## COUNT I – UNDERINSURED MOTORIST CLAIM – OWNERS INSURANCE COMPANY

19.  Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-18.

20.  Defendant Owners issued contracts of insurance, in effect at the time of the subject accident, providing underinsured motorist coverage (UIM) in the amount of $500,000 per person/$500,000 per occurrence under Policy No.: 48-654-973-01, and additional umbrella UIM coverage in the amount of $1,000,000 each occurrence, under Policy No.: 48-654-973-02, covering Plaintiffs and Jeffrey D. Lindsay as insureds.

21.  Plaintiffs' total damages greatly exceed their share of the liability insurance payment from the Dwyer semi-truck, combined with any available UIM coverage contractually provided on the Jeep, and any available UIM coverage contractually provided to Jeffrey D. Lindsay by Defendant Owners.  Plaintiffs are, therefore, contractually entitled to recover the remaining applicable limits of UIM coverage under the policies of insurance issued by Defendant Owners Insurance Company, pursuant to its UIM policy and its umbrella policy.

22.  In addition, Plaintiffs are entitled to recover interest at the rate of 10% per annum on the amounts owing by Owners, plus Plaintiffs' reasonable attorney fees.

## RELIEF

23. Plaintiffs restate and reallege each and every fact and allegation stated in ¶¶ 1-22.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

a. For such amounts as owing under the underinsured and umbrella policies issued by Defendant to Plaintiff, plus interest at statutory rates;

b. For Plaintiffs' attorney's fees, costs and disbursements incurred herein; and,

c. For such further relief as may be justified under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand that all issues be tried before a jury.

DATED this 18th day of September, 2012.

_____
Mike Abourezk
Attorneys for Plaintiffs
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097
mike@abourezk.com