C
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

UNPUBLISHED

Court of Appeals of Michigan.
HOME–OWNERS INSURANCE COMPANY and
Auto–Owners Insurance Company,
Plaintiffs–Appellees,
v.
Howard LEIKERT and April Leikert, Defendants/
Cross–Defendants–Appellants,
and
Auto Club Insurance Association, Defendant/
Cross–Plaintiff–Appellee.

Docket No. 302571.
Jan. 26, 2012.

Kent Circuit Court; LC No. 10–008821–CK.

Before: SAWYER, P.J., and WHITBECK and M.J.
KELLY, JJ.

PER CURIAM.

*1 In this dispute concerning coverage under an executive umbrella insurance policy, defendants Howard and April Leikert appeal as of right the trial court's opinion and order declaring that the umbrella policy that the Leikerts had with plaintiff Auto–Owners Insurance Company did not cover the loss at issue. We conclude that the trial court correctly determined that the umbrella policy did not apply to the loss at issue. Because the trial court did not err when it determined that Auto–Owners' umbrella policy did not apply and the Leikerts have not otherwise challenged the trial court's order to the extent that it granted summary disposition in favor of plaintiff Home–Owners Insurance Company and granted judgment in favor of plaintiff Auto Club Insurance Association, we affirm the trial court's opinion and order.

I. BASIC FACTS AND PROCEDURAL HISTORY

In March 2009, Howard and April Leikert were visiting Daytona Beach, Florida. Howard Leikert was driving his 2002 Harley Davidson Motorcycle with his wife, April Leikert, riding as a passenger. The Leikerts were stuck in heavy, stop-and-go traffic, when the Ford Expedition in front of them suddenly stopped. Howard failed to stop in time and collided with the Ford. April was thrown from the motorcycle and suffered significant injuries. She sued her husband for negligence in March 2010 and obtained an $800,000 default judgment in July of that same year.

Howard Leikert insured his motorcycle through Progressive Insurance Company, which paid the policy limit—$250,000—after the default. Howard had earlier filed a claim with his automobile insurer, Auto Club, but it denied the claim because Howard's motorcycle was not insured under the policy and the policy did not otherwise cover the loss. Howard and April Leikert also had additional insurance policies: they insured their home under two policies with Home–Owners and had an executive umbrella policy with Auto–Owners.

In August 2010, Home–Owners sued the Leikerts for declaratory relief. It asked the trial court to construe the umbrella policy and the Auto Club insurance policy and declare that the umbrella policy does not cover any losses arising from the Leikerts' March 2009 accident. Home–Owners also asked the trial court to construe the homeowners' insurance policies and declare that those policies also did not provided any coverage for the accident.

In their answer to Home–Owners' complaint, the Leikerts noted that Home–Owners did not issue their umbrella policy; Auto–Club did. The Leikerts also stated that they were not seeking coverage under their policies with Home–Owners.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

**Exhibit "4"**

In October 2010, Home–Owners amended its complaint to include Auto–Owners as a plaintiff and Auto Club as a defendant. Home–Owners and Auto–Owners restated the claims that the umbrella policy and homeowners' policies did not apply to the 2009 accident. However, they also alleged that, even if it were to be determined that the Auto Club policy applied to the accident, Auto–Owners would only be liable for $50,000 under the limits provided in the umbrella policy. Accordingly, Home–Owners and Auto–Owners asked the trial court to declare that the umbrella policy did not provide coverage for the accident or, in the alternative, that the umbrella policy provided a maximum of $50,000 in coverage.

*2 In November 2010, Auto Club filed a cross-claim against Howard and April Leikert. Auto Club asked the trial court to construe the automobile insurance policy that it issued to the Leikerts and declare that the policy did not cover the 2009 motorcycle accident.

Home–Owners and Auto–Owners moved for summary disposition under MCR 2.116(C)(10) in January 2011. Home–Owners argued that it was entitled to a declaration that its homeowners' policies do not provide coverage for the 2009 accident because the Leikerts had admitted as much. Auto–Owners also argued that it was entitled to a declaration that its umbrella policy did not provide coverage for the accident. Auto–Owners maintained that the umbrella policy only provided coverage for losses covered by policies listed under schedule A of the umbrella policy. Because the policy that the Leikerts had with Progressive was not listed on that schedule and the only automobile policy that was listed on the schedule—the Auto Club policy—did not provide coverage for the accident, the umbrella policy also did not provide coverage. Auto–Owners specifically relied on the exclusion for personal injuries suffered by the insured or a relative: "We do not cover personal injury to you or a relative. We will cover such injury to the extent that insurance is provided by an underlying policy listed in Schedule A."

The Leikerts then cross-moved for summary disposition. In their brief in support of their motion, the Leikerts argued that the umbrella policy applied to insurance policies other than those listed under schedule A. Because Howard insured his motorcycle through Progressive, which paid on the policy, the umbrella policy with Auto–Owners applied to the loss at issue. The Leikerts also argued that the exclusion for injuries to the insured or the insured's relatives did not apply. They noted that the exclusion contained an exception for situations where "insurance is provided by an underlying policy listed in Schedule A." Because requiring the provision of "insurance" is not the equivalent of requiring "coverage", the Leikerts contended that the exception must be construed to not require coverage. Here, the Auto Club policy provided insurance—even though it did not provide coverage—and was listed on schedule A under the umbrella policy. Accordingly, the Leikerts maintained, the exception to the exclusion applied.

Auto Club joined Home–Owners and Auto–Owners' motion for summary disposition and asked the trial court to declare that its policy did not cover the 2009 motorcycle accident.

On January 28, 2011, the trial court issued its opinion and order. The trial court first determined that the exception for the exclusion for injuries to the insured or the insured's relatives will not apply unless a policy listed under schedule A actually provided coverage for the loss. It then determined that the only policy listed under schedule A that could theoretically apply, the Auto–Club policy, did not provide coverage. As such, it determined that, as a matter of law, the umbrella policy also did not provide coverage. For those reasons, the trial court determined that Auto–Owners, Home–Owners, and Auto Club were entitled to the requested declaratory relief. It therefore granted Auto–Owners and Home–Owners' motion for summary disposition, denied the Leikerts' cross-motion for summary disposition, and granted judgment in

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

favor of Auto Club on its cross-claim.

*3 This appeal followed.

## II. THE UMBRELLA INSURANCE POLICY
## A. STANDARDS OF REVIEW

The Leikerts argue on appeal that the trial court erred when it interpreted the umbrella policy issued by Auto–Owners to not provide coverage. When properly interpreted, they maintain, the umbrella policy provides coverage for the 2009 motorcycle accident and, for that reason, the trial court should not have granted summary disposition in favor of Auto–Owners.[FN1] This Court reviews de novo a trial court's decision to grant summary disposition. *Barnard Mfg Co, Inc v. Gates Performance Engineering, Inc,* 285 Mich.App 362, 369; 775 NW2d 618 (2009). This Court also reviews de novo the proper interpretation of an insurance contract. *Rory v. Continental Ins Co,* 473 Mich. 457, 464; 703 NW2d 23 (2005).

> FN1. The Leikerts have not challenged the trial court's opinion and order to the extent that it granted summary disposition in favor of Home–Owners and granted judgment in favor of Auto Club.

## B. THE EXCLUSION FOR DAMAGES TO THE INSURED OR THE INSURED'S RELATIVE

The Leikerts first argue that the umbrella policy provides coverage for any loss that was covered by an insurance policy, even if the policy is not listed under schedule A of the insurance policy. Because the motorcycle insurance policy provided by Progressive Insurance covered the 2009 accident, they further argue, the umbrella policy also provided coverage. However, even if Progressive Insurance's payment of benefits under the motorcycle policy triggered coverage under the umbrella policy for the losses not covered under the motorcycle policy, we nevertheless conclude that the exclusion for injuries to the insured or the insured's relative would preclude coverage under the facts of this case.

This Court interprets insurance contracts in the same was that it would interpret any other contract. See *Id.* at 483. As such, we must interpret the umbrella policy in context to determine the meaning of a word or phrase; we will not extract a clause or word from the contract and construe it in isolation to defeat the purposes plainly expressed in the contract as a whole. See *Henderson v. State Farm Fire and Casualty Co,* 460 Mich. 348, 355–356; 596 NW2d 190 (1999) (warning that parsing a phrase word by word will often lead to an inaccurate interpretation and stating that courts must give meaning to a phrase through context). Further, this Court will enforce the insurance contract according to its terms; and, where the terms are not defined, we will accord the terms their commonly understood meanings. See *Twichel v. MIC Gen Ins Corp,* 469 Mich. 524, 534; 676 NW2d 616 (2004). Although it could be more clearly stated, when construed as a whole, it is apparent that the exclusion for injuries to the insured or his or her relatives applies to exclude coverage.

When Howard and April Leikert purchased the umbrella policy, Auto–Owners agreed to pay the Leikerts' "ultimate net losses" in "excess of the retained limit":

**Personal Liability**
We will pay on behalf of the insured the ultimate net loss in excess of the retained limit which the insured becomes legally obligated to pay as damages because of personal injury or property damage which occurs anywhere in the world.
*4 However, the parties also agreed that Auto–Owners would not cover injuries to the insured or the insured's relatives:

### EXCLUSION OF PERSONAL INJURY TO INSUREDS FOLLOWING FORM
We do not cover personal injury to you or a relative. We will cover such injury to the extent that insurance is provided by an underlying policy listed in Schedule A.

It is undisputed that April Leikert falls within

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

the definition of "you or a relative" because she was listed as an insured on the declarations page, was Howard's wife, and resided with Howard in their household.[FN2] Consequently, the exclusion applies to preclude coverage except to "the extent that insurance is provided by an underlying policy listed in Schedule A." Because the exception to the exclusion plainly requires the policy to be listed on schedule A, the Leikerts cannot rely on the policy that they had with Progressive Insurance.

> FN2. Under the definitions, the policy states: " 'You' or 'your' means the person named in the Declarations and his or her spouse if living in the same household."

On appeal, the Leikerts argue that the Auto Club insurance policy, which was listed on schedule A, met the requirements for the exception to the exclusion even though it did not cover the motorcycle involved in the accident. They explain that this Court should not treat the term "insurance" as synonymous with "coverage" because Auto–Owners used both terms within the umbrella policy and, therefore, must have meant something different when it chose to use "insurance" in lieu of "coverage."

With this exception, Auto–Owners clearly agreed to cover injuries to the insured or the insured's relative, notwithstanding the exclusion, "to the extent that insurance is provided by an underlying policy listed in Schedule A." The phrase "to the extent that" is a limiting phrase; it limits the coverage to a particular situation: namely, to those situations where "insurance is provided by" an underlying policy. Although the Leikerts would have this Court construe the term insurance in such a way that it is not synonymous with coverage, this term must be understood in its context. See *Henderson,* 460 Mich. at 357 (stating that the words in a phrase cannot be interpreted by "mechanistically" parsing the meaning of each word, but rather must be determined by "the contextual understanding and consider[ing] the phrase as a whole."). And, in this case, the term "insurance" is given meaning by the modifying phrase "is provided by". In order for insurance to be provided, someone or something must provide it, and the remaining portion of the clause makes it clear that the insurance must be provided by a policy listed under schedule A. Thus, the entire clause only makes sense if the phrase "insurance is provided by an underlying policy" is understood to mean that a listed policy "insures"—that is "covers"—the loss at issue.

If we were to give the term "insurance" the construction preferred by the Leikerts, we would have to read this limiting clause as stating that Auto–Owners agreed to cover injuries to the insured or the insured's relative, despite the exclusion, where there is a policy listed on schedule A that provides insurance for personal injuries to the insured—any insurance for personal injuries—without regard to whether the insurance actually applies to the specific injury at issue. But there will presumably always be at least one policy listed on schedule A that could *theoretically* cover personal injuries to the insured. Accordingly, the exception to the exclusion would swallow the exclusion. We will not give this exception such a strained construction. Rather, we construe this exception to mean that a policy listed under schedule A must provide coverage for the specific injuries at issue in order to avoid the exclusion.

*5 The exception to the exclusion applies "to the extent" that a "policy listed in Schedule A" provides "insurance." That is, the exception applies if—and only if—a policy listed on schedule A covers the injury to the insured or the insured's relative. Because it is not ambiguous, we will enforce it as written. *Rory,* 473 Mich. at 468. Here, none of the policies listed under schedule A applied to the accident at issue. Therefore, this exclusion precludes coverage under the umbrella policy.

### III. CONCLUSION

The trial court did not err when it determined that the umbrella policy at issue did not provide coverage for the 2009 motorcycle accident. Therefore, the trial court did not err when it granted sum-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

mary disposition in favor of Auto–Owners. Because there were otherwise no errors warranting relief, we affirm the trial court's January 2011 opinion and order.

Affirmed. As the prevailing parties, Home–Owners, Auto–Owners, and Auto Club may tax their costs. MCR 7.219(A).

Mich.App.,2012.
Home-Owners Ins. Co. v. Leikert
Not Reported in N.W.2d, 2012 WL 247781 (Mich.App.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.